**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| SHADRICK NEYOR,               : | |
|                               : | |
|   Petitioner,                 : | CRIMINAL ACTION NO. |
|                               : | 1:04-CR-0010-RWS |
| v.                            : | |
|                               : | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA,     : | 1:05-CV-2163-RWS |
|                               : | |
|   Respondent.                 : | |

**ORDER**

Petitioner Shadrick Neyor was indicted on January 13, 2004, on six counts of fraud in violation of 18 U.S.C. §§ 1341, 1342, 1344, 514; and two counts of trafficking in a counterfeit device in violation of 18 U.S.C. § 1029(a)(1). On August 9, 2004, Petitioner pled guilty to all counts. On October 13, 2004, Petitioner moved to withdraw his plea of guilty as to Count Six of the indictment, which the government did not oppose. On October 13, 2004, this Court agreed to dismiss Count Six of the indictment, sentenced Petitioner on the remaining seven counts to 21 months imprisonment, and ordered that after his release, he be turned over to an immigration official for

appropriate removal proceedings. Judgment was entered on October 19, 2004. Four months later, Petitioner appealed his conviction and sentence to the Eleventh Circuit, which dismissed his appeal as untimely. See United States v. Neyor, No. 05-11450-E (11th Cir. Apr. 14, 2005).

Now before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [47] and Petitioner's Motion to Appoint Counsel [49]. Petitioner has also filed a Supplemental Brief in Support of his Motion to Vacate Conviction [55], which the Court has considered. After reviewing the entire record, the Court enters the following Order.

## Discussion

### I.     Motion to Appoint Counsel

Petitioner requests that an attorney be appointed to represent him on his habeas petition. Counsel is appointed for indigent habeas petitioners only when the interests of justice so require. Shultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983). The Court finds that the interests of justice do not require the appointment of counsel in this matter. Petitioner has adequately presented his grounds for relief and the issues appear straightforward. Thus, Petitioner's Motion to Appoint Counsel is **DENIED**.

2

**II.     Motion to Vacate, Set Aside, or Correct Sentence**

28 U.S.C. § 2255 requires that notice of a motion brought under that section shall be served upon the U.S. attorney "unless the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255.  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.' " Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988) (quoting United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981)).  Where the "files and records make manifest the lack of merit of a Section 2255 claim," no evidentiary hearing is required.  See United States v. Lagrone, 727 F.2d 1037, 1038 (11th Cir. 1984).

Petitioner alleges three grounds in support of his Petition.  Ground One alleges that his conviction was unlawfully obtained by a defective indictment. Ground Two alleges that Petitioner was denied effective assistance of counsel in violation of the Sixth Amendment.  Finally, Ground Three alleges prosecutorial misconduct in obtaining Petitioner's guilty plea.   The Court takes up each Ground in turn.

3

### A.     Ground One: Defective Indictment

In his first ground for relief, Petitioner contends that he pled guilty to a defective indictment because the indictment charges that "other known and unknown" individuals participated in the crimes to which Petitioner pled guilty, yet the grand jury did not indict others in connection with Petitioner.  Moreover, Petitioner states that the "indictment was never returned by the grand jury and it is fraud on its face," and suggests that the government provided different copies of the indictment to Petitioner bearing different signatures by the foreperson. (Pet. at 5; Supp. Br. at 2-3.)

The Court finds that the motion, files, and records conclusively show that Petitioner is not entitled to relief on his claim of a constitutionally defective indictment.  The law does not require the government to ascertain the identity of all individuals who participated in a crime before indicting those whom it has identified and has probable cause to indict.  Moreover, the record rebuts Petitioner's assertion that an indictment was never returned against him.  To the contrary, a properly signed indictment was returned, filed by the clerk, and

entered on the record on January 13, 2004.[1]  (See Indictment [1].)  Finally, there is no merit to Petitioner's claim that the signature contained on the indictment was forged or fraudulent.

In sum, the motion, files, and records manifest the lack of merit as to this claim.

### B. Ground Two: Ineffective Assistance of Counsel

In his second ground for relief, Petitioner contends that his counsel provided constitutionally deficient assistance during the investigatory and plea-agreement stage of his trial.  It appears from his papers that Petitioner contends that his plea was unlawfully induced and involuntary because his counsel did not review the elements of the indictment with him or adequately prepare his case.  Petitioner states that "My Lawyer failed to take step[s] that a Good Lawyer would have taken and it is reasonabl[y] probable that, but for these error[s], the outcome of my case would have been different" (Pet. at 5.), and further states that "My lawyer failed to investigate the fact of my case and to initiate Plea Negotiation and apprise the elements of the charges filed as well as

---

[1] Petitioner is surely aware of the entry of this indictment, as he has attached it as Exhibit B to his supplemental brief.  (See Ex. B to Supp. Resp. [55-3] at 1.)

the right to [challenge] the indictment, making my conviction unreliable." (Id.) Finally, Petitioner appears to contend that his lawyer failed to advise him on the consequences of a guilty plea on his immigration status.

To establish a claim for ineffective assistance of counsel, a petitioner must show that counsel's performance fell below constitutional standards and that his defense was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Ineffective assistance exists if: (1) counsel's performance was objectively unreasonable; and (2) a reasonable probability exists that the outcome would have been different absent the deficiency. Id. at 691. There is a strong presumption that counsel's performance was reasonable and adequate, with great deference shown to choices dictated by reasonable trial strategy. Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994).

1. *Voluntariness of Plea*

Petitioner's allegation that his plea was unlawfully induced and not voluntary because his counsel denied him the opportunity to review the elements of the indictment is refuted by Petitioner's own statements at the plea proceeding. "The purpose of a plea colloquy is to protect the defendant from an

6

AO 72A
(Rev.8/82)

unintelligent or involuntary plea." <u>Mitchell v. United States</u>, 526 U.S. 314, 322, 119 S. Ct. 1307, 143 L. Ed. 2d 424 (1999).  Thus, there is a strong presumption that statements made during the plea colloquy are true.  <u>United States v. Gonzalez-Mercado</u>, 808 F.2d 796, 800 n.8 (11th Cir. 1987).  The plea proceeding transcript reflects that Petitioner affirmatively expressed to this Court that he understood the elements of the offense to which he was pleading. (Plea Tr. at 15.)  During the plea colloquy, the Court reviewed each individual element with the Petitioner.  (Plea Tr. at 9-15.)  Furthermore, Petitioner represented to this Court not only that his counsel had adequately advised him as to the specifics of the indictment, but also that he was satisfied with the advice of his attorney:

> Court: Is there anything that we have talked about this afternoon that you did not understand?
>
> Mr. Neyor: I understood everything you just said.
>
> Court: Are there any questions you have about your plea or about how your case will proceed from here that you want to ask before I accept your plea of guilty to these charges?
>
> Mr. Neyor: Well, I don't think I have anything to ask because I was talking with Mr. Tyrone a lot.

7

> Court: And in that regard, do you feel that you've had a sufficient opportunity to talk with Mr. Tyrone about your case and to have him advise you concerning the entry of this plea?
>
> Mr. Neyor: Yes, Your Honor.
>
> Court: And are you satisfied with the representation he's provided to you?
>
> Mr. Neyor: Yes, Your Honor.

(Plea Tr. at 19.)

Having reviewed Petitioner's filings and the record, the Court finds that Petitioner was afforded an opportunity to review the elements of the indictment to which he pled.

Moreover, to the extent that Petitioner challenges the voluntary nature of his plea by asserting that his attorney's conduct coerced him into pleading guilty, Petitioner's own statements at the plea colloquy rebut the allegation of coercion. The sworn testimony of the plea colloquy carries a strong presumption of veracity. Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977); Gonzalez-Mercado, 808 F.2d at 800 n.8. This Court asked Petitioner: "[H]as anyone threatened or coerced you in any way to cause you to enter a plea of guilty to these charges?" (Plea Tr. at 6.) To this

8

direct inquiry, the Petitioner represented that he had not been coerced into making a guilty plea. (Id.) The Petitioner also represented to this Court that he was satisfied with the representation of his attorney. (Plea Tr. at 19.)

Where a petitioner merely alleges coercion in a motion to vacate without providing supporting evidence and the record indicates that the allegation lacks merit, this Court is not required to hold an evidentiary hearing. United States v. Baskin, 858 F. Supp. 1165, 1167 (M.D. Fla. 1994); see United States v. Lagrone, 727 F.2d 1037, 1038 (11th Cir. 1984) (where "files and records make manifest the lack of merit of a Section 2255 claim" no evidentiary hearing is required). The record reflects that Petitioner offered his guilty plea both knowingly and voluntarily. Thus, the motion, files, and record of this case conclusively show that Petitioner is not entitled to relief on this ground.

### 2. *Immigration Consequences of Plea*

Finally, insofar as Petitioner alleges that his attorney failed to advise him of the immigration consequences of his plea, the Court finds that the record conclusively demonstrates that he is not entitled to relief. Failure to inform a defendant of the deportation consequences of a guilty plea does not amount to ineffective assistance of counsel. United States v. Ibekwe, 891 F. Supp. 587,

9

591 (M.D. Fla. 1995). Further, such a failure is insufficient to make a plea involuntary. United States v. Campbell, 778 F.2d 764, 767 (11th Cir. 1985); Chukwurah v. United States, 813 F. Supp. 161, 164-65 (E.D.N.Y. 1993). Thus, the Court finds that the motion, files, and record of this case conclusively show that Petitioner is not entitled to relief on Ground Two.

### C. Ground Three: Prosecutorial Misconduct

In his third ground, Petitioner contends in conclusive fashion that the prosecution violated his due process rights by presenting false evidence or testimony to the grand jury to obtain the indictment. Besides stating that the prosecution admitted that the crime charged in Count 6 (and later dismissed) was committed by another person, Petitioner presents no evidence in support of his allegation that the prosecution presented false testimony to the grand jury.

After reviewing Petitioner's papers, the record, and the transcript of Petitioner's plea hearing, the Court concludes that the record conclusively demonstrates that Petitioner is not entitled to relief on this claim. The government agreed to dismiss Count 6 against Petitioner, and thus he suffered no prejudice even if an erroneous judgment were made concerning who committed the crime initially charged under Count 6. Furthermore, during

10

AO 72A
(Rev.8/82)

Petitioner's plea colloquy, the prosecution described in detail the crimes with which Petitioner was charged, and Petitioner's conduct in committing each crime. Petitioner admitted the prosecutor's allegations. (Pl. Tr. at 9-16.) Petitioner has failed to overcome the presumption that the statements he made during the plea colloquy were true. See Gonzalez-Mercado, 808 F.2d at 800 n.8. Accordingly, the record conclusively shows that Petitioner is not entitled to relief on this ground.

## Conclusion

For the foregoing reasons, the motions, files, and record of this case conclusively show that Petitioner is not entitled to relief on Grounds One, Two, or Three of his Petition. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [47] is **DENIED**. Petitioner's Motion to Appoint Counsel [49] is **DENIED**.

**SO ORDERED** this   4th   day of December, 2007.

*Richard W. Story*

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)